**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

**TOSHIKO OKUDA**,

                Plaintiff,

vs.

**PFIZER INC.,** et al.,

                Defendants.

**MEMORANDUM DECISION AND
ORDER GRANTING DEFENDANT
PFIZER, INC.'S MOTION FOR
SUMMARY JUDGMENT**

Case No. 1:04-cv-00080 DN

District Judge David Nuffer

On June 18 and 19, 2012, pursuant to notice, the Court heard oral argument on defendant Pfizer, Inc.'s Motion for Summary Judgment (Docket No. 86). Plaintiff was represented by James Esparza, Russell T. Abney and James Lampkin. Defendants were represented by Heidi K. Hubbard, Kelly A. Evans and Tracy H. Fowler.

Having considered all of the moving papers and the arguments of counsel, the Court rules as follows:

      1.      The following facts, as set forth in paragraphs 1-8 of Defendant Pfizer's supporting memorandum (Docket No. 87) are undisputed for purposes of this motion and establish that Pfizer, Inc. is entitled to judgment in its favor as a matter of law:

      **A.**      **Pfizer's acquisition of Pharmacia Corporation's stock**

      (i).      On or about July 13, 2002, about five (5) years *after* Plaintiff alleges she stopped taking Provera, Pfizer entered into an agreement (the "Pharmacia Agreement") through its wholly-owned subsidiary, Pilsner Acquisition Sub Corp. ("Pilsner"), under which it indirectly acquired the stock of Pharmacia Corporation, the parent of Pharmacia & Upjohn, Inc. (now Pharmacia & Upjohn LLC), which is the parent of Pharmacia & Upjohn Company LLC. Today, Pfizer owns 100% of the stock of Pharmacia Corporation; Pharmacia Corporation is the sole member (owner) of Pharmacia & Upjohn LLC; and Pharmacia & Upjohn LLC is the sole member (owner) of Pharmacia & Upjohn Company LLC.

(ii).    Pfizer's acquisition of the stock of Pharmacia Corporation was not a merger between Pfizer and Pharmacia Corporation (or between Pfizer and any other corporation).   Under the express language of Section 1.1 of the Pharmacia Agreement, the transaction was a merger between Pilsner and Pharmacia Corporation:

> Section 1.1.   The Merger.   Upon the terms and subject to the conditions set forth in this Agreement, and in accordance with the Delaware General Corporation Law (the "DGCL"), Merger Sub [Pilsner] shall be merged with and into the Company [Pharmacia Corporation] at the Effective Time.   Following the Merger, the separate corporate existence of Merger Sub [Pilsner] shall cease and the Company [Pharmacia Corporation] shall continue as the surviving corporation (the "Surviving Corporation").

(iii).    The Pharmacia Agreement also makes clear that Pfizer did not acquire Pharmacia's assets or its liabilities:

> all property, rights, privileges, power and franchises of the Company [Pharmacia Corporation] and Merger Sub [Pilsner] shall be vested in the Surviving Corporation [Pharmacia Corporation], and all debts, liabilities and duties of the Company [Pharmacia Corporation] and Merger Sub [Pilsner] shall become the debts, liabilities and duties of the Surviving Corporation [Pharmacia Corporation].

(iv).    Just as it is undisputed that Pfizer did not manufacture or sell Provera during the time Plaintiff alleges she took this medication, the undisputed evidence establishes that Pfizer did not assume liability for Provera when it acquired the stock of Pharmacia Corporation.   Thus, Pharmacia & Upjohn Company LLC – and not Pfizer, the indirect parent three generations removed – is the only entity against whom a claim could be asserted arising from the manufacture or sale of Provera.   Pharmacia & Upjohn Company LLC's ability to pay a judgment has not been questioned.

**B.    Pfizer's acquisition of Wyeth's stock**

(v).    On or about January 25, 2009, about seven (7) years *after* Plaintiff stopped taking Premarin and Prempro, Pfizer, Wyeth and Wagner Acquisition Corporation ("Wagner") entered into an agreement (the "Wyeth Agreement") under which Pfizer acquired the stock of

2

Wyeth and Wyeth merged with Wagner, a subsidiary of Pfizer.

(vi)     Pfizer's acquisition of the stock of Wyeth was not a merger between Pfizer and Wyeth.  Under the express language of Section 1.1 of the Wyeth Agreement, the transaction was a merger between Wyeth and Wagner:

> Section 1.1.  *The Merger.* Upon the terms and subject to the conditions set forth in this Agreement, and in accordance with the General Corporation Law of the State of Delaware ("DGCL"), Merger Sub [Wagner] shall be merged with and into the Company [Wyeth] at the Effective Time (the "Merger").  Following the Merger, the separate corporate existence of the Merger Sub [Wagner] shall cease and the Company [Wyeth] ***shall continue as the surviving corporation*** (the "Surviving Corporation").

(vii).    Following the acquisition and post-closing internal restructuring, Wyeth is now known as "Wyeth LLC" and is an indirect, wholly-owned subsidiary of Pfizer.  The Wyeth Agreement also indicates that Pfizer did not acquire Wyeth's assets or its liabilities:

> all the property, rights, privileges, immunities, powers and franchises of the Company [Wyeth] and Merger Sub [Wagner] shall be vested in the Surviving Corporation [Wyeth], and all debts, liabilities and duties of the Company [Wyeth] and Merger Sub [Wagner] shall become the debts, liabilities and duties of the Surviving Corporation [Wyeth].

(viii).   Just as it is undisputed that Pfizer did not manufacture or sell Premarin or Prempro during the time Plaintiff alleges she took these medications, the undisputed evidence establishes that Pfizer did not assume liability for Premarin and Prempro when it acquired the stock of Wyeth.  Thus, Wyeth – and not Pfizer – is the only entity against whom a claim could be asserted arising from the manufacture or sale of Premarin or Prempro.  Wyeth's ability to pay a judgment has not been questioned.

2.      Plaintiff contends that the record as it exists in the public domain tells a different story.  Plaintiff relies on labeling or the logos, representations to the public on the website, and securities filing narratives.  But the additional information presented by Plaintiff is not material

3

to the issues raised by the motion.  There is a legal structure, and the legal structure determines the reality.

3.      A successor corporation or other business entity that acquires assets of a predecessor corporation or other business entity is subject to liability for harm caused by a defective product if the acquisition:

(a)      is accompanied by an agreement for the successor to assume such liability.  There is no such agreement in this case.  The SEC documents do not constitute an agreement to assume liability; they do not even hold themselves out as creating liability.

(b)      results from a fraudulent conveyance to escape liability for the debts or liabilities of the predecessor.  There is no allegation here by plaintiff that that occurred.

Or (c) constitutes a consolidation or merger with the predecessor.  But there is no merger of these entities.  Legally there is not one, regardless of what was said in promotional material or on a website about cooperation or working together or branding.

4.      Plaintiff argues that there was a "de facto" merger.  Actual mergers occurred here, but not with Defendant Pfizer, Inc.  The "de facto" merger doctrine is applied only in circumstances where plaintiff can prove the transaction has been specifically structured to disadvantage creditors or shareholders, and that is not alleged or supported by plaintiff.

5.      There is no basis for claiming that Pfizer is a proper defendant in this case.

## ORDER

IT IS HEREBY ORDERED that Defendant Pfizer, Inc.'s motion for summary judgment (docket no. 86) is GRANTED.

Dated July 5, 2012.

BY THE COURT:

_____
David Nuffer
United States District Judge

15329841.4

Submitted by:

/s/ Tracy H. Fowler
Tracy H. Fowler
SNELL & WILMER LLP
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah  84101-1004
*Attorneys for Defendants*

/s/ Kelly A. Evans
Kelly A. Evans
SNELL & WILMER LLP
3882 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169-5958
Admitted *Pro Hac Vice*
*Attorneys for Defendants*

/s/ Heidi K. Hubbard
Heidi K. Hubbard
WILLIAMS & CONNOLLY
725 Twelfth Street, NW
Washington, D.C.  20005
Admitted *Pro Hac Vice*
*Attorneys for Defendants*


Signed Approval as to Form:


/s/ James Esparza
(*Signed with permission*)
James Esparza
1434 East 4500 South, Suite 100
Salt Lake City, UT  84117
*Attorney for Plaintiff*

/s/ James W. Lampkin, II
(*Signed with permission*)
James Wayne Lampkin, II
Russell T. Abney
BEASLEY ALLEN CROW &
METHVIN PORTIS & MILES PC
218 Commerce Street
Montgomery, AL  36104
*Attorney for Plaintiff*

15329841.4