IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **TOSHIKO OKUDA**,<br><br>    Plaintiff,<br><br>vs.<br><br>**PFIZER INC.,** et al.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 1:04-cv-00080<br><br>Judge David Nuffer |

On June 18 and 19, 2012, pursuant to notice, the Court heard oral argument on Defendants Pfizer, Inc., Wyeth Pharmaceuticals, Inc. and Pharmacia & Upjohn Company LLC's ("Defendants") Motion for Partial Summary Judgment (Docket No. 88). Plaintiff was represented by James Esparza, Russell T. Abney and James Lampkin. Defendants were represented by Heidi K. Hubbard, Kelly A. Evans and Tracy H. Fowler.

Having considered all of the moving papers and the arguments of counsel, the Court rules as follows:

1.  Plaintiff's strict liability design defect claim (Count II) is barred by the doctrine of Utah law described in comment K to §402A of the Restatement (Second) of Torts.

2.  Plaintiff's warranty claims (Count IV) fail as a matter of law. The following facts, as set forth on pages 3-6 of defendants' moving memorandum (Docket No. 89), pertain to Plaintiff's warranty claims (Count IV):

    i.  Ms. Okuda was first prescribed Premarin by Dr. William Hughes in 1985 in order to transition her after her hysterectomy. After her initial prescription, Ms. Okuda was later prescribed HT medications by Dr. Charles Joseph, Dr. Craig Julien, and Dr. Teresa Durbin in order to treat hot flashes, mood swings, and vaginal dryness. The Plaintiff was subsequently prescribed Provera by Dr.

        Charles Joseph in approximately 1988, and began using both Premarin and Provera starting in 1992, while she was under the care of Dr. Craig Julien. Dr. Julien subsequently changed the Plaintiff's prescription to Prempro in 1995, and Dr. James Rees authorized a single 90-day refill of Prempro on behalf of Dr. Julien. In approximately 1999, Dr. Teresa Durbin continued Ms. Okuda on Prempro, which she took until she was diagnosed with breast cancer in 2002.

ii. Each of the Plaintiff's prescribing physicians have testified that they were aware that HT was associated with a possible increased risk of breast cancer at the time they prescribed HT to Ms. Okuda.

iii. None of Ms. Okuda's prescribing physicians testified that they relied upon what a Wyeth sales representative told them when deciding whether to prescribe a medication to Plaintiff, and Plaintiff has not introduced any evidence suggesting that her physicians read or relied on any allegedly false statement in making their prescribing decisions.

iv. To the contrary, Dr. Joseph testified that he based his prescribing decisions on multiple sources including his medical school training, residency training, clinical experience, the Physicians' Desk Reference, labeling, conferences, published literature and textbooks as opposed to sales representatives. Similarly, Dr. Julian testified that he generally did not read any information received from sales representatives, and that he would not rely upon any such information without doing his own critical analysis of a particular medication.

v. Ms. Okuda affirmatively testified that she primarily relied on the recommendation of her prescribing physicians, as opposed to any of the Defendants' advertisements or marketing materials, in choosing to take HT.

> Plaintiff further testified that she does not recall which specific advertisements for Defendants' HT products she may have seen.

Plaintiff responds, based on the 1985 Premarin label that said:

> At the present time, there is no satisfactory evidence that estrogens given to post-menopausal women increase the risk of cancer of the breast although a recent long-term follow-up of a single-physician practice has raised this possibility. Because of the animal data, there's a need for caution in prescribing estrogens for women with a strong family history of breast cancer or who have breast nodules, fibrocystic disease, or abnormal mammograms.

According to Plaintiff's responding memorandum:

> Dr. Hughes interpreted the 1985 Premarin label as a statement from Wyeth to physicians that "there's just no evidence about breast cancer" and the use of Premarin. Prior to prescribing Premarin, he examined both Ms. Okuda's breasts and a recent mammogram and determined that she had no masses or abnormalities; therefore there was nothing in the 1985 Premarin label indicating Okuda should not take Premarin. Dr. Hughes also testified that the warning in the 1985 Premarin Patient Package Insert did not warn the patient that Premarin use carried a risk of breast cancer and in that regard, Premarin was safe.

While this evidence is material, it is legally insufficient to support an express warranty claim under Utah law. Plaintiff has not offered evidence to support a determination that defendants, through product labels, made a representation of fact about their product that constitutes an express warranty under Utah law. Plaintiff's warranty claim is therefore dismissed with prejudice.

       3.     Plaintiff's negligent misrepresentation claim (Count V) and fraud claim (Count VI) fail as a matter of law, except as they pertain to the 1985 label and Dr. Hughes' deposition testimony concerning that label, because Plaintiff offers no evidence that would support a determination that any of Plaintiff's prescribing physicians relied on any specific representation of fact attributable to defendants.

3

IT IS HEREBY ORDERED that Defendants' motion for summary judgment (docket no. 88) on Plaintiff's strict liability design defect claim (Count II) is GRANTED.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (docket no. 88) on Plaintiff's warranty claims (Count IV) is GRANTED.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (docket no. 88) on Plaintiff's negligent misrepresentations (Count V) and fraud claims (Count VI) is GRANTED except to the extent of Dr. Hughes and the alleged reliance on the 1985 Premarin Label.

In all other respects, Defendants' motion for partial summary judgment (docket no. 88) is DENIED.

Dated July 6, 2012.

BY THE COURT:

_____
David Nuffer
United States District Judge


Submitted by:

/s/ Tracy H. Fowler
Tracy H. Fowler
SNELL & WILMER LLP
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101-1004
*Attorneys for Defendants*


/s/ Kelly A. Evans
Kelly A. Evans
SNELL & WILMER LLP
3882 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169-5958
Admitted *Pro Hac Vice*
*Attorneys for Defendants*

15330195.4

/s/ Heidi K. Hubbard
Heidi K. Hubbard
WILLIAMS & CONNOLLY
725 Twelfth Street, NW
Washington, D.C. 20005
Admitted *Pro Hac Vice*
*Attorneys for Defendants*

Signed Approval as to Form:

/s/ James Esparza
(*Signed with permission*)
James Esparza
1434 East 4500 South, Suite 100
Salt Lake City, UT 84117
*Attorney for Plaintiff*

/s/ James W. Lampkin, II
(*Signed with permission*)
James Wayne Lampkin, II
Russell T. Abney
BEASLEY ALLEN CROW &
METHVIN PORTIS & MILES PC
218 Commerce Street
Montgomery, AL 36104
*Attorney for Plaintiff*

15330195.4