**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **TOSHIKO OKUDA**,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**PFIZER INC.**, et al.,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERTS DRS. PARISIAN, BLUME AND AUSTIN**<br><br>Case No. 1:04-cv-00080<br><br>District Judge David Nuffer |

On June 18 and 19, 2012, pursuant to notice, the Court heard oral argument on Defendants' Motion to Exclude Opinions of Plaintiff's Experts Drs. Parisian, Blume and Austin (Docket No. 97). Plaintiff was represented by James Esparza, Russell T. Abney and James Lampkin. Defendants were represented by Heidi K. Hubbard, Kelly A. Evans and Tracy H. Fowler.

Having considered all of the moving papers and the arguments of counsel, the Court rules as follows:

IT IS HEREBY ORDERED that Defendants' motion (Docket No. 97) is GRANTED IN PART AND DENIED IN PART, as follows:

　　　　1.　　Drs. Parisian and Blume may testify generally as to the Food and Drug Administration's processes for drug approval, the regulatory history of hormone replacement therapy, and the adequacy of warnings provided by defendants concerning breast cancer risks in light of the information contemporaneously available.

　　　　2.　　Drs. Parisian, Blume, and Austin also may testify regarding tests that could have been done to further investigate the potential link between the E&P therapy and breast cancer.

　　　　3.　　Drs. Parisian, Blume, and Austin may not testify regarding the testing defendants should have done. Plaintiff has presented no objective standard for the testing that should have

been done.  The testimony of Wyeth's officers cited by Plaintiff does not create an enforceable standard or demonstrate an industry standard.  The Plaintiff has not demonstrated by FDA regulations, which Dr. Parisian cited, that there is a duty to test in those regulations.  Similarly, Plaintiff has not demonstrated that the FDA guidance documents create an objective standard or requirement of testing.  The marketing code, the Pharma code, does not establish a requirement for testing that creates something that would be a sufficient support for Parisian, Blume, and Austin's testimony.  Moreover, they have not demonstrated that their specific experience forms the basis for establishing post-approval testing duties that they claim exist.

      4.      Nor may Drs. Parisian, Blume, and Austin testify regarding defendants' intent or motives.

      Dated July 6, 2012.

BY THE COURT:

_____
David Nuffer
United States District Judge

Submitted by:

/s/ Tracy H. Fowler
Tracy H. Fowler
SNELL & WILMER LLP
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah  84101-1004
*Attorneys for Defendants*

/s/ Kelly A. Evans
Kelly A. Evans
SNELL & WILMER LLP
3882 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169-5958
Admitted *Pro Hac Vice*
*Attorneys for Defendants*

/s/ Heidi K. Hubbard
Heidi K. Hubbard
WILLIAMS & CONNOLLY
725 Twelfth Street, NW
Washington, D.C. 20005
Admitted *Pro Hac Vice*
*Attorneys for Defendants*

Signed Approval as to Form:

/s/ James Esparza
(*Signed with permission)*
James Esparza
1434 East 4500 South, Suite 100
Salt Lake City, UT 84117
*Attorney for Plaintiff*

/s/ James W. Lampkin, II
(*Signed with permission*)
James Wayne Lampkin, II
Russell T. Abney
BEASLEY ALLEN CROW &
METHVIN PORTIS & MILES PC
218 Commerce Street
Montgomery, AL 36104
*Attorney for Plaintiff*

15330858.4