THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **TOSHIKO OKUDA**,<br><br>          Plaintiff,<br><br>vs.<br><br>**PFIZER INC.**, et al.,<br><br>          Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXCLUDE OPINIONS OF PLAINTIFF'S EXPERT DR. BRUCE PATSNER**<br><br>Case No. 1:04-cv-00080<br><br>Judge David Nuffer |

On June 18 and 19, 2012, pursuant to notice, the Court heard oral argument on Defendants' Motion to Exclude Opinions of Plaintiff's Expert Dr. Bruce Patsner (Docket No. 99). Plaintiff was represented by James Esparza, Russell T. Abney and James Lampkin. Defendants were represented by Heidi K. Hubbard, Kelly A. Evans and Tracy H. Fowler.

Having considered all of the moving papers and the arguments of counsel, the Court rules as follows:

IT IS HEREBY ORDERED that Defendants' Motion (Docket No. 99) is GRANTED IN PART AND DENIED IN PART:

1.     Dr. Patsner may testify generally as to Food and Drug Administration processes for drug approval, the regulatory history of hormone replacement therapy, and the adequacy of warnings provided by defendants concerning breast cancer risks in light of information then available. Dr. Patsner also may testify regarding tests that could have been done to further investigate the potential link between the E&P therapy and breast cancer.

2.     Dr. Patsner may not testify regarding tests defendants should have undertaken, for the same reasons set forth in the Court's Order on Defendants' Daubert motion concerning Drs. Parisian, Blume, and Austin. Nor may Dr. Patsner testify that any logo utilized by defendants created a duty to conduct additional tests or studies.

15332811.4

      3.      Nor may Dr. Patsner testify as to the intent or motives of defendants.

      4.      Dr. Patsner may not testify that defendants committed fraud on the FDA or withheld information from the FDA.

      5.      Nor may Dr. Patsner testify about "ghostwriting" activities.  Plaintiff has presented no evidence that Plaintiff's prescribing physicians relied on "ghostwritten" articles.  There are some very general statements, but not enough to justify his testimony.  It does not fit.

Dated July 6, 2012.

BY THE COURT:

_____
David Nuffer
United States District Judge


Submitted by:


/s/ Tracy H. Fowler
Tracy H. Fowler
SNELL & WILMER LLP
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah  84101-1004
*Attorneys for Defendants*


/s/ Kelly A. Evans
Kelly A. Evans
SNELL & WILMER LLP
3882 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169-5958
Admitted *Pro Hac Vice*
*Attorneys for Defendants*

/s/ Heidi K. Hubbard
Heidi K. Hubbard
WILLIAMS & CONNOLLY
725 Twelfth Street, NW
Washington, D.C.  20005
Admitted *Pro Hac Vice*
*Attorneys for Defendants*


Signed Approval as to Form:


/s/ James Esparza
(*Signed with permission*)
James Esparza
1434 East 4500 South, Suite 100
Salt Lake City, UT  84117
*Attorney for Plaintiff*


/s/ James W. Lampkin, II
(*Signed with permission*)
James Wayne Lampkin, II
Russell T. Abney
BEASLEY ALLEN CROW &
METHVIN PORTIS & MILES PC
218 Commerce Street
Montgomery, AL  36104
*Attorney for Plaintiff*

15332811.4