IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TOSHIKO OKUDA,<br>　　　　　　Plaintiff,<br>v.<br>WYETH, et al.,<br>　　　　　　Defendants. | ORDER ON PLAINTIFF'S MOTIONS IN LIMINE<br><br>Case No. 1:04-cv-80 DN<br><br>District Judge David Nuffer |

After careful review of the memoranda and other materials submitted by the parties, the Court rules on Plaintiff's motions in limine as follows:

IT IS HEREBY ORDERED that Plaintiff's Motion in Limine No. 1: To Exclude Argument or Evidence that Plaintiff's Breast Cancer was Caused by Family Predisposition or Genetic History (docket no. 220) is DENIED. The jury should receive a complete picture of Plaintiff's health, which is at the very heart of this case, including her preexisting and independent risk factors for developing breast cancer, which, as her own experts testify, may include evidence of a family history of other types of cancer.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine No. 2: To Exclude Any Anecdotal Evidence as to Personal Experiences of Defendants' Employees, Lawyers, or Family Members of Lawyers or Employees (docket no. 221) is GRANTED. Personal experience of the witnesses and the lawyers with cancer and Defendants' drugs is irrelevant. Accordingly, Defendants' counsel are instructed (and they shall instruct their witnesses) that personal experience of Defendants' witnesses and the lawyers with cancer and Defendants' drugs shall not be included in testimony or argument.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine No. 3: To Preclude Argument and Cross Examination on the "Initiation" of Cancer or "Initiation" of Bad Cells (docket no. 222) is DENIED.  Under *Tingey v. Christensen*, 987 P.2d 588, 592 (Utah 1999) and *Robinson v. All-Star Delivery, Inc.*, 992 P.2d 969, 972 (Utah 1999), the theories or promotion and initiation are both entitled to be presented.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine No. 4: To Exclude Evidence of Plaintiff's Post-Menopausal Weight Gain (docket no. 223) is DENIED.  This is a tardy Daubert motion, coming long after the deadline for challenging experts, and is also an attempt to obtain partial summary judgment on a genuine issue of material fact.  Defendants may introduce evidence, if any, that post-menopausal weight gain is an independent risk factor, not affected by HRT, for developing breast cancer.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine No. 5: To Exclude Evidence Relating to Plaintiff's Family Member Use of HRT (docket no. 224) is GRANTED. Defendants are precluded under Fed. R. Evid. 401-402 from expanding the scope of proof in this case to include any evidence about use of HRT by Plaintiff's family members.  If this evidence were in some way relevant, Fed. R. Evid. 403 would bar it.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine No. 6: To Exclude Associations Between Other Toxins/Agents and Other Conditions Not at Issue in this Case (docket no. 225) is GRANTED IN PART AND DENIED IN PART.  Defendants may present evidence and argument regarding the concept of relative risk and in that context may present evidence and argument of the relative risks of other toxins and disease states.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine No. 7: To Exclude Evidence of Plaintiff's Exposure to Second Hand Smoke (docket no. 226) is DENIED.  This

issue should have been raised in Plaintiff's motion to exclude Defendants' experts (docket no. 145). But consistent with the decision on that motion (docket no. 202), evidence of Plaintiff's exposure to second-hand smoke is admissible as one of the potential causation factors.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine No. 8: To Exclude Plaintiff's Use of Other Drugs and Other Alleged "Risk Taking" Behavior (docket no. 227) is DENIED. The evidence of Plaintiff's use of other drugs, especially oral contraceptives, is relevant to the cause of her cancer, and to her claim that she would not have taken HRT drugs had she been adequately warned.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine No. 9: To Exclude Expert Opinions of Treating Physicians (docket no. 228) is DENIED AT THIS TIME. Under the 2010 amendments to the Federal Rules of Civil Procedure, a treating physician may be a fact witness and also offer expert testimony without providing an expert report. If Defendants lay foundation as to a treating physician's competence to render an opinion as to causation of Plaintiff's breast cancer, and establish that the treating physician undertook to formulate such an opinion, that treating physician may be examined to elicit the physician's opinion as to causation. If the physician denies competence to render such an opinion, or denies undertaking formulation of such an opinion, no opinion may be elicited.

Dated July 23, 2012.

BY THE COURT:

David Nuffer
United States District Judge